Upon general demurrer, if there be a good count or a good breach the demurrer should be over-.uled.

The person who sues as relator, must have the legal right, a right merely equitable is not sufficient: *Hawkins* vs *Commonwealth*, (3 *Marsh.* 389.)

## Commonwealth for Catlett *vs* Hughes, &c.

### ERROR TO THE UNION CIRCUIT.

#### *Pleadings. Relator. Demurrers.*

JUDGE BRECK delivered the opinion of the Court.

THE rule is well settled that when there is one good count in a declaration, or one good breach assigned, a demurrer to the whole declaration will not reach a faulty count or bad breach, but should be overruled. In this case the plaintiff assigns as a breach, the failure of the Constable to pay over to the relator money collected upon an execution, in which the relator was not the plaintiff, but which he alledges had been assigned to him by the plaintiff, and which he had placed in the hands of the Constable for collection.

The rule is, that the plaintiff only, in the execution, in such case, could sue as relator. That the relator must have the legal title and that one having a mere equitable right is not entitled to the action, or to sue in that character: *Hawkins* vs *The Commonwealth*, (3 *Marshall*, 389.)

The declaration does not show that the various notes alledged to have been placed in the hands of the Constable by the relator, for collection, were payable to him, or that he was the legal proprietor thereof, by assignment. The alledged failure, therefore, to pay over to the relator the money collected upon such notes, is not a good breach.

The declaration however contains some good breaches. It is alledged the Constable failed to pay over money collected upon executions, placed in his hands by the relator, and in which he was the plaintiff.

The demurrer being to the whole declaration, should therefore, have been overruled, unless the fact that the last breach assigned, being inconsistent with and repugnant to the previous ones, rendered the whole declaration bad. After alledging the collection of the several executions, notes, &c., and the failure to pay over, a *failure* to collect and pay over is assigned as a further breach.

It would doubtless have been more in conformity with the strict rules of pleading and the general practice, to have relied upon this matter in a seperate count.

But as each breach is in itself good, and as neither showed that the plaintiff was not entitled to recover, the repugnancy cannot be rendered available upon a general demurrer.

Wherefore, the judgment is reversed and the cause remanded, with directions to overrule the defendant's demurrer to the declaration, and for further proceedings, and the parties should be permitted to amend their pleadings.

*Pirtle & Speed* for plaintiff.